# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Ameri-Dream Realty, LLC,<br><br>    Debtor.<br>_____<br>Victoria Nelson, In Her Capacity As The<br>Chapter 7 Trustee of Ameri-Dream Reality, LLC,<br><br>    Plaintiff<br><br>v.<br><br>XL America Inc.; XL Insurance American Inc.,; XL Select Professional; Pearl Insurance Group, LLC; Greenwich Insurance Company; and Does I through X; and Roe Corporate Defendants XI-XX<br><br>    Defendants | 2:16-cv-00060-JAD-GWF<br><br>Bankruptcy Case No.: 15-10110-LED<br><br>Adv. Proceeding No.: 15-01183-LED<br><br><br>**Order Withdrawing Reference**<br><br>[ECF No. 1] |

    Ameri-Dream Realty LLC filed for bankruptcy after one of its managers embezzled more than a million dollars.  The trustee of Ameri-Dream's bankruptcy estate believes that this embezzlement is covered by professional insurance policies that the defendant insurers issued.  So the trustee brought an adversary action against the defendant insurance companies in bankruptcy court, asking that they pay out under their policies.

    The bankruptcy court has managed the adversary proceeding for some time, but the defendant insurers believe I should now withdraw that reference and bring the case back to this court.  The parties have completed discovery and prepared dispositive motions, and the defendants request a jury trial.  So this proceeding is coming back to me—either on an appeal of a dispositive motion or for trial—the question is whether that happens now or later.  The trustee urges me to wait and allow the bankruptcy court to decide the parties' pending motions because that court is more familiar with the record.

    But it makes more sense to withdraw this case now.  The parties' dispute is about insurance coverage, not some question of bankruptcy law.  The trustee generally states that the bankruptcy

court is more familiar with the issues raised by the parties' pending motions, but she fails to articulate any specific factual or legal questions that the bankruptcy court is better suited to handle. If I left the bankruptcy court to decide the pending motions, I would duplicate its efforts later given that I review its decision de novo. If the motions end up failing, the case will come back to this court for trial. Either way this case is coming back, and either way I will need to familiarize myself with the record and the parties' coverage dispute. Rather than duplicate the bankruptcy court's work, it will be more efficient for me to take this case back now and decide the parties' dispositive motions in the first instance.[1]

**Discussion**

Federal Rule of Bankruptcy Procedure 5011 allows me to withdraw a case from the bankruptcy court. In using my discretion to decide whether to withdraw, I consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."[2] I must withdraw this case at some point because the defendants requested a jury trial, which can only be held in a district court.[3] The question is whether efficiency and the above factors suggest it makes more sense to take this case back now, or instead, after the bankruptcy court rules on the parties' pending dispositive motions.[4]

Where a jury trial has been requested and the bankruptcy court has proceeded to the dispostive motion stage, it often makes sense to withdraw the reference to avoid the bankruptcy court

---

[1] I find these motions suitable for disposition without oral argument. Nev. L.R. 78-2.

[2] *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir.1997); *see also Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004).

[3] *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) (holding that the Seventh Amendment prohibits bankruptcy courts from conducting a jury trial on non-core claims).

[4] The trustee suggests that the defendants must meet a "heavy burden" in arguing for withdrawl. ECF No. 3. While that may be have been the law in the District of Delaware in the 1980s (the only case the trustee cites for this proposition), that is not the law in the Ninth Circuit. *See Sec. Farms*, 124 F.3d at 1008.

and district court duplicating work.[5] This is particularly true when the adversary proceeding turns on questions of general civil law with which the district court is just as familiar.[6]

The trustee articulates few reasons to leave this case in the bankruptcy court. The only specific reason she points to is that the bankruptcy court is more familiar with the underlying facts of the insurance-coverage dispute and that this "demonstrate[s] that it is in the best interests of judicial economy and preserving limited bankruptcy estate assets to have the bankruptcy court conduct all pre-trial matters."[7] But to review the bankruptcy court's decisions I, too, need to be familiar with the facts.[8] And the trustee does not explain how having the bankruptcy court decide these motions could help "preserve limited bankruptcy estate assets."

Because I must review the bankruptcy court's determinations de novo, and because the trustee provides few specific reasons why the bankruptcy court is better suited to decide the pending motions—I find it makes better sense to withdraw this case now. It will be more efficient for me to decide the pending motions in the first instance, instead of duplicating the bankruptcy court's efforts later on de novo review (especially given that I may very well need to come up to speed anyway to conduct a jury trial). The uniformity of the bankruptcy rules are not in jeopardy because both parties agree that this case is a straight-forward insurance-coverage dispute. Requiring the parties to prepare a single set of briefs for me will be more economical than requiring them to litigate the pending

---

[5] *See, e.g. SK Foods, L.P. v. Segal & Kirby*, 2013 WL 5494071 (E.D.C.A. 2013) ("A duplication of judicial resources would likely occur if the Bankruptcy Court must first learn the case sufficiently to make it ready for trial, and then this court also must learn the case so that it can adjudicate the matter de novo."); *Sweet v. Liberty Insurance Corporation,* 2015 WL 9684724 (E.D. Mich. 2015) (same).

[6] *Security Farms*, 124 F.3d at 1008 ("In this case efficiency was enhanced by withdrawing the reference because non-core issues predominate.").

[7] ECF No. 3 at 10. The trustee fails to explain with any specificity what issues in the parties' dispositive motions might make the bankruptcy court better suited to decide them.

[8] The trustee briefly suggests that I cannot withdraw the proceeding because it concerns core bankruptcy matters. But claims "that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *In re Daewoo Motor America, Inc.*, 302 B.R. 308 (2003) (citation omitted). The trustee does not dispute that the proceeding here—an insurance-coverage dispute—does not depend on the bankruptcy laws and could otherwise be brought in another court.

motions twice: once before the Bankruptcy Court and once before me on review. And nothing suggests that the defendants are forum shopping: they will have the chance to argue these motions before me whether I withdraw now or later.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendants' motion to withdraw the reference **(ECF No. 1) is GRANTED.** The parties are ordered to appear for a status check on Monday, December 5, 2016, at 3 p.m. in Courtroom 6D.

Dated this 14th day of November, 2016

_____
Jennifer A. Dorsey
United States District Judge