**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Victoria Nelson, in her capacity as the Chapter 7 Trustee of Ameri-Dream Realty, LLC, | 2:16-cv-00060-JAD-GWF |
| Plaintiff | **Order Dismissing Coverage Claims** |
| v. | [ECF Nos. 12, 15, 16] |
| XL America, Inc., et al., | |
| Defendants | |

Chapter 7 Bankruptcy Trustee, Victoria Nelson, as trustee for Ameri-Dream Realty, LLC's bankruptcy estate, sues XL America, Inc.; XL Insurance America, Inc.; XL Select Professional; Pearl Insurance Group, LLC; and Greenwich Insurance Company for breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, violations of NRS 686A.310, and declaratory relief after the defendants refused to indemnify Ameri-Dream for approximately $1.2 million that was embezzled by one of its managers.[1] All parties have filed dispositive motions, hoping to secure an early end to this case in their favor. Greenwich moves to dismiss all coverage-based claims, arguing that the Greenwich policy excludes coverage for Ameri-Dream's claim. The XL defendants and Pearl move to dismiss all claims against them, arguing that "neither Pearl nor the XL Entities are the insurer of Ameri-Dream and have no contractual or fiduciary relationship to Ameri-Dream."[2] And Nelson asks for summary judgment on all of her claims.[3]

The bulk of Nelson's claims depend on the insurance policy indemnifying Ameri-Dream for the embezzlement. I find that the insurance policy does not cover claims arising from the

---

[1] ECF No. 11.

[2] ECF No. 15 at 2.

[3] I find all three motions suitable for disposition without oral argument. L.R. 78-1.

conversion of company assets, so I grant Greenwich's motion and dismiss Nelson's breach-of-contract and bad-faith claims. I also dismiss her breach-of-fiduciary-duty claim because Nevada does not recognize it as an independent cause of action. Nelson enumerates—but doesn't limit herself to—specific provisions of NRS 686A.310 that the defendants allegedly violated. I dismiss with prejudice all claims under NRS 686A.310 that depend on providing coverage under the policy, but I allow Nelson to proceed on her claims grounded in the insurer's protocol (i.e., communication and investigation).

Nelson sues the XL defendants and Pearl based on their alleged parental affiliation to Greenwich. So my dismissal of the coverage-related claims extends to the XL defendants and Pearl as well. Unlike Greenwich, these defendants challenge Nelson's entire NRS 686A.310 claim, arguing that it lacks facts to support their liability. Because I agree, I grant their motion to dismiss and give Nelson leave to amend her remaining NRS 686A.310 claim against the XL defendants and Pearl if she can plead true facts to support it. Finally, I deny Nelson's motion for summary judgment in its entirety because I am dismissing most of her claims, and she has not carried her burden to earn summary judgment on the remaining ones.

## Background

John M. Brown and his then-wife Elsie Peladas-Brown managed Ameri-Dream Realty, LLC, a property-management firm that managed residential rental property and held rental security deposits.[4] Elsie embezzled nearly $1.2 million from the security deposit account and wire transferred it to a bank in the Philippines.[5] Ameri-Dream filed for Chapter 7 bankruptcy protection,[6] its trustee filed an adversary action solely against Elsie,[7] and John and Ameri-Dream

---

[4] ECF No. 11 at 3–4, ¶¶ 13–14.

[5] *Id.* at 4–5, ¶¶ 19–20.

[6] *Id.* at 7, ¶ 27.

[7] *Id.*

2

were found to be innocent with no knowledge or involvement in Elsie's scheme.[8]

An insurance claim was filed with Greenwich and XL America to indemnify Ameri-Dream for the embezzled $1.2 million under the Greenwich Insurance Policy.[9] Greenwich denied the claim, so Nelson brings this action.

**Discussion**

**A.     Motion-to-dismiss standard**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[10] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[11] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[12] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[13]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are "not entitled to the assumption of truth."[14] Mere recitals of a claim's elements, supported only by conclusory

---

[8] ECF No. 16-3 at 10, ¶ 12; 13, ¶¶ 15–16.

[9] ECF No. 11 at 8, ¶32; 9, ¶¶ 36–37.

[10] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[11] *Twombly*, 550 U.S. at 570.

[12] *Iqbal*, 556 U.S. at 678.

[13] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[14] *Iqbal*, 556 U.S. at 678–79.

statements, are insufficient.[15]  Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[16]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[17]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[18]

**B.    The insurance policy does not cover embezzlement.**

Greenwich argues that its policy does not cover Elsie's actions.  The policy expressly excludes claims "based on or arising out of[] the conversion, commingling, defalcation, misappropriation or improper use of funds or other property";[19] "based on or arising out of . . . the inability or failure to pay, collect or safeguard funds held for others";[20] "by or on behalf of any Insured against any other Insured";[21] and where, "prior to the inception date of [the] policy," an **"Insured** had a basis to believe that such act or omission, or any related act or omission, might reasonably be expected to be the basis of a **claim**."[22]  Because I agree that the policy does not cover the reimbursement of Elsie's conversion of the security deposits, I do not reach Greenwich's other arguments.

Exclusion C, Exclusion D, and Condition D of the Greenwich Insurance Policy are particularly significant to this coverage analysis.  Exclusion C excludes any claim "based on or

---

[15] *Id.*

[16] *Id.* at 679.

[17] *Id.*

[18] *Twombly*, 550 U.S. at 570.

[19] ECF No. 16 at 12–13.

[20] *Id.*

[21] ECF No. 16 at 9–12.

[22] ECF No. 16 at 15 (emphasis in original).

4

arising out of any dishonest, intentionally wrongful, fraudulent, criminal or malicious act or omission by the insured."[23] Exclusion D excludes any claim "based on or arising out of the conversion, commingling, defalcation, misappropriation or improper use of funds or other property."[24] Condition D provides an exception to Exclusion C but not to Exclusion D: "If coverage of this policy would not apply because of Exclusion C . . . such Exclusion or Condition will not apply to any insured who did not commit, participate in, or have knowledge of any of the acts described in Exclusion C. and whose conduct did not violate Condition B."[25]

Greenwich argues that Exclusion D expressly excludes this type of situation from the policy's coverage. Nelson responds that the provisions are inconsistent and ambiguous, and that all ambiguities must be construed against the insurer: Nelson reasons that the provisions are inconsistent because an act that falls under Exclusion D inevitably falls under Exclusion C as well. Then, because the act falls under both exclusions, it is ambiguous whether Condition D applies or not. That ambiguity, she contends, requires the court to broadly construe the policy and thus Condition D—the "Innocent Insured" exception—carves out an exception to both Exclusions C and D.

Nelson's is an over-complicated reading of the policy. These three provisions can easily be reconciled with a simple, plain reading. Exclusion C provides a general exclusion for generally bad acts, while Exclusion D provides a specific exclusion for particularly bad acts. Condition D expressly provides a carve-out exception for innocent insureds that are charged with generally bad acts that would otherwise be excluded by Exclusion C. But Condition D conspicuously does not provide a carve-out exception for Exclusion D; Exclusion D has no exceptions.

Greenwich cites to a Georgia case that addresses the interplay between three provisions that are essentially the same as these. In *Fidelity National Title Insurance Company of New York*

---

[23] ECF No. 25-1 at 18.

[24] *Id.*

[25] *Id.* at 22–23.

*v. OHIC Insurance Company*, the court held that the "unambiguous and unqualified language of [Exclusion D's analog] controls."[26] The *Fidelity* court reasoned that the exclusions did not affect one another:

> By its express language, [Exclusion D's analog] clearly excludes coverage for all claims[—]with no exceptions[—]arising out of conversion, misappropriation, or improper commingling of client funds. The fact that the Policy contains additional exclusionary clauses that qualify or limit the exclusions for the more general misconduct described in those particular clauses does not diminish the fact that the exclusion for the misconduct described in [Exclusion D's analog] is unqualified. These other separate clauses do not refer to or attempt in any way to limit the absolute language in [Exclusion D's analog]; they simply focus on a type of excluded misconduct that is broader than that described in [Exclusion D's analog].[27]

The *Fidelity* court supported its interpretation of the policy with the New Jersey Supreme Court's holding that exclusions in insurance agreements need to be read independently of one another so that no two exclusions would ever be inconsistent:

> [E]ach exclusion is meant to be read with the insuring agreement, independently of every other exclusion. The exclusions should be read seriatim, not cumulatively. If any one exclusion applies there should be no coverage, regardless of inferences that might be argued on the basis of exceptions or qualifications contained in other exclusions. There is no instance in which an exclusion can properly be regarded as inconsistent with another exclusion, since they bear no relationship with one another.[28]

At least ten other jurisdictions follow this approach,[29] and I am persuaded to follow it as well. I thus find that any act that falls under Exclusion D of the Greenwich policy is unqualifiedly excluded from coverage. It is undisputed that Elsie's embezzlement falls under "the conversion,

---

[26] *Fidelity Nat'l Title Ins. Co. of N.Y. v. OHIC Ins. Co.*, 619 S.E.2d 704, 708 (Ga. Ct. App. 2005).

[27] *Id.* at 707.

[28] *Id.* (quoting *Weedo v. Stone-E-Brick, Inc.*, 405 A.2d 788, 795 (N.J. 1979).

[29] *See Fidelity*, 619 S.E.2d at 707 (citing cases from New Jersey, Michigan, New York, Oklahoma, Pennsylvania, Puerto Rico, Tennessee, Wisconsin, Illinois, Washington, in addition to its own holding).

commingling, defalcation, misappropriation or improper use of funds or other property," so I find that the policy does not obligate Greenwich to indemnify Ameri-Dream for the $1.2 million that Elsie converted.

**C.     The effect of the policy's coverage on Nelson's claims**

Nelson pleads four claims: (1) breach of contract; (2) breach of duty of good faith and fair dealing; (3) breach of fiduciary duty; and (4) various violations of NRS 686A.310.  I discuss each claim in turn.

*1.     Breach of contract is not a viable claim.*

"In Nevada, a plaintiff alleges a breach of contract by pleading four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages."[30]  The parties only contest the third element. Nelson claims that the policy covers Elsie's embezzlement and that Greenwich materially breached the contract by refusing to indemnify Ameri-Dream for the stolen security deposits. Greenwich argues that the policy expressly excludes embezzlement from its coverage and that it has no obligation to indemnify, so it did not materially breach when it denied coverage.  Because I hold that claims arising from Elsie's embezzlement are excluded from coverage under the policy, Nelson cannot show that Greenwich materially breached the insurance policy. Accordingly, I dismiss this breach-of-contract claim against all defendants with prejudice.

*2.     Breach of the duty of good faith and fair dealing is not a viable claim.*

Every contract under Nevada law carries with it the immutable, implied covenant of good faith and fair dealing.[31]  "When one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith."[32]  Nelson claims that

---

[30] *Johnston v. International Mixed Martial Arts Federation*, 2015 WL 273619, at *3 (D. Nev. Jan. 22, 2015) (citing *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987).

[31] *Pemberton v. Farmers Ins. Exchange*, 858 P.2d 380, 382 (Nev. 1993).

[32] *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 808 P.2d 919, 923 (Nev. 1991).

Greenwich acted in bad faith by refusing to indemnify Ameri-Dream for the stolen security deposits. This claim also fails for the same reasons that the breach-of-contract claim fails; the policy does not cover claims arising from Elsie's embezzlement, so Nelson cannot show that Greenwich acted in bad faith by refusing to indemnify Ameri-Dream. I thus dismiss this claim against all defendants with prejudice as well.

### 3. *Breach of fiduciary duty is not a viable claim.*

Breach of fiduciary duty—at least in the insurer-insured context—is not a recognized cause of action in Nevada.[33] In *Powers v. United Services Automobile Association*, the Nevada Supreme Court declined to "adopt[] a new cause of action based on an insurance company's failure to put its insured's interests above its own."[34] Although a fiduciary relationship exists between an insurer and its insured, the "breach of the fiduciary nature of the insurer-insured relationship is part of the duty of good faith and fair dealing."[35] Because breach of the duty of good faith and fair dealing has been alleged, and because Nevada does not recognize an independent cause of action for fiduciary breach in this context, I dismiss this claim with prejudice for all defendants.

### 4. *Nelson has pled some viable claims under Nevada Revised Statute 686A.310.*

NRS 686A.310 imposes liability on an insurer for "any damages sustained by the insured as a result of the commission of" unfair practices in settling claims.[36] Nelson claims that Greenwich committed the following unfair practices under the statute: (1) failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the policy;[37] (2) failing to adopt and implement reasonable standards for the prompt investigation and

---

[33] *Powers v. United Services Auto. Ass'n*, 962 P.2d 596, 603 (Nev. 1998).

[34] *Id.*

[35] *Id.*

[36] Nev. Rev. Stat. § 686A.310.

[37] ECF No. 11 at 12; Nev. Rev. Stat. § 686A.310(1)(b).

processing of claims arising under the policy;[38] (3) failing to effectuate prompt, fair, and equitable settlements of claims in which liability of the insurer has become reasonably clear;[39] and (4) compelling insureds to institute litigation to recover amounts due under the policy.[40]

Greenwich only addresses whether it was obligated to indemnify Ameri-Dream for Elsie's embezzlement. Greenwich does not directly address NRS 686A.310, so some of Nelson's claims survive the motions to dismiss, but because I hold that Greenwich had no legal obligation to indemnify Ameri-Dream for Elsie's embezzlement, Nelson can no longer viably assert that Greenwich's decision to deny coverage was an unfair practice. Accordingly, Nelson can only maintain claims that the defendants' protocol—their investigation and correspondence—leading up to the denial violated NRS 686A.310.

For example, of the provisions enumerated in her complaint and motion for summary judgment, Nelson cannot assert viable claims that the defendants failed "to effectuate prompt, fair and equitable settlements of claims in which *liability of the insurer* has become reasonably clear";[41] failed "to participate or defend in the underlying case against its insured";[42] or compelled "insureds to institute litigation to recover *amounts due* under the Policy."[43] But Nelson can still claim that the defendants failed "to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy";[44] or failed "to adopt and implement reasonable standards for the prompt investigation and processing of claims arising

---

[38] ECF No. 11 at 12; Nev. Rev. Stat. § 686A.310(1)(c).

[39] ECF No. 11 at 12; Nev. Rev. Stat. § 686A.310(1)(e).

[40] ECF No. 11 at 12; Nev. Rev. Stat. § 686A.310(1)(f).

[41] ECF No. 12 at 17, ¶ 58(c) (emphasis added).

[42] *Id.* at 17, ¶ 58(d).

[43] *Id.* at 17, ¶ 58(e) (emphasis added).

[44] *Id.* at 17, ¶ 58(a).

under the Policy."[45]

**D.     The XL defendants' and Pearl's motion to dismiss**

The XL defendants and Pearl move to dismiss all claims against them because Nelson has not pled sufficient facts to connect them to the Greenwich policy. Because I dismissed most of Nelson's claims with prejudice, her only remaining claim is that the defendants violated NRS 686A.310, and I limit that claim to the protocol-related provisions. Nelson's complaint is devoid of any facts to connect the XL defendants and Pearl to the Greenwich policy. She describes the XL defendants as "U.S. Based [sic] insurers offering insurance and reinsurance coverages and services,"[46] and she describes Pearl as "an Illinois limited liability company which operates as an insurance broker, administrator, and marketer of custom insurance solutions in the United States."[47] That's it.

She does not allege in the complaint that they are affiliated with or parent companies of Greenwich or that they were somehow bound to the terms of the policy or otherwise owed duties to Ameri-Dream. She alleges that a Notice of Claim letter was sent to XL America, but then she alleges that "*Greenwich* agreed to pay for claims, up to $1,000,000.00, resulting from an act or omission in the performance of real estate services for which the insured [Ameri-Dream] is obligated to pay."[48] She similarly alleges that Elsie's "unilateral wrongdoings triggered *Greenwich's* obligation to indemnify [Ameri-Dream]" for the loss.[49] All of these allegations implicate Greenwich, but none of them connect Greenwich to the XL defendants or Pearl. Then Nelson claims broadly that all defendants wrote the insurance policy, all of them refused to

---

[45] *Id.* at 17, ¶ 58(b).

[46] ECF No. 11 at 2, ¶ 4.

[47] *Id.* at 2, ¶ 5.

[48] *Id.* at 8, ¶¶ 32–33 (emphasis added).

[49] *Id.* at 9, ¶ 35.

reimburse Ameri-Dream, and all of them breached the policy.[50] The complaint deficiently alleges that the XL defendants and Pearl are responsible under the insurance policy at all, so I grant their motion and dismiss all claims against them.

But because I cannot yet conclude that Nelson can plead no set of facts to hold Pearl and the XL defendants liable for protocol-based violations of NRS 686A.310, and because the Ninth Circuit's amendment policy is generous,[51] I grant Nelson leave to amend her complaint if she can plead true facts to support this claim. If Nelson chooses to file an amended complaint, she is instructed that:

- An amended complaint supersedes the original complaint, so the amended complaint must be complete in itself.[52] This means that the amended complaint must contain all claims, defendants, and factual allegations that she wishes to pursue in this lawsuit, unless specifically dismissed with prejudice in this order.
- Nelson **must file her amended complaint by October 12, 2017.**
- If Nelson does not file an amended complaint or if she fails to file it by this court-ordered deadline, this case will proceed only against Greenwich and only on the protocol-based portions of the NRS 686A.310 claim.

**E.    Summary-judgment standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[53] When considering summary judgment, the court views all facts and draws all

---

[50] *Id.* at 9–10, ¶¶ 40, 44–45.

[51] *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

[52] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended complaint supersedes the original").

[53] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

inferences in the light most favorable to the nonmoving party.[54] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[55]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[56] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[57]

**F. Nelson's motion for summary judgment is denied.**

At this point, Nelson's only surviving claim is the portion of her NRS 686A.310 claim that relates to Greenwich's communications and investigation of the insurance claim. The undisputed facts are that a Notice of Claim letter was sent to XL America on April 9, 2014,[58] and a claim report was then submitted on April 10, 2014.[59] Then, on March 30, 2015, a representative for XL Select Professional sent a letter denying coverage of the claims.[60] The action against Elsie commenced on May 21, 2015,[61] another Notice of Claim was submitted on

---

[54] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[55] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[56] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[57] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[58] ECF Nos. 11-1.

[59] ECF No. 11-2.

[60] ECF No. 16-4.

[61] ECF No. 12 at 8, ¶ 23.

May 27,[62] and Greenwich reiterated its denial on May 28 and June 1, 2015.[63]

Based on these facts, almost an entire year passed between the first Notice of Claim letter and the coverage denial. Greenwich does not dispute this timeline, but it does deny that its correspondence and investigation were unreasonable and violated NRS 686A.310 under these circumstances.[64] "Whether a defendant's conduct was 'reasonable' under a given set of facts is generally an issue for the jury to decide."[65] Accordingly, I deny Nelson's motion for summary judgment because, on the evidence before me, I cannot determine the reasonableness of Greenwich's claim-processing conduct as a matter of law. I leave this genuine dispute for the jury to resolve.

**G. Declaratory relief**

Nelson also requests declaratory relief under 28 U.S.C. § 2201 (the Declaratory Judgment Act) to determine the defendants' obligations under the Greenwich policy. Section 2201 allows "any court of the United States . . . [to] declare the rights and other legal relations of any interested party seeking such declaration."[66] The Ninth Circuit recognized in *Shell Gulf of Mexico, Inc. v. Center for Biological Diversity, Inc.,* that the Declaratory Judgment Act "does not create new substantive rights, but merely expands the remedies available in federal courts."[67] To determine whether parties have the adverse interests required by Article III to maintain a

---

[62] ECF No. 26 at 7.

[63] *Id.*

[64] ECF No. 26 at 25.

[65] *Lee v. GNLV Corp.*, 22 P.3d 209, 212 (Nev. 2001).

[66] 28 U.S.C. § 2201(a) (2012).

[67] *Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014); *see also Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) ("Stock West cites in its complaint the Declaratory Judgment Act, 28 U.S.C. § 2201, as a basis for jurisdiction. But this Act only creates a remedy and is not an independent basis for jurisdiction.").

declaratory relief action, "[i]t is necessary to first examine the underlying law"[68] because "it is the underlying cause of action . . . that is actually litigated in a declaratory judgment action."[69] As I discussed in Section C, I have dismissed several claims because I hold in Section B that the policy does not cover claims arising from Elsie's embezzlement. My holding is, in effect, the declaratory relief that Nelson requests (just not with the outcome she desired), so her motion is denied on this claim, too.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Greenwich's motion to dismiss **[ECF No. 16] is GRANTED. Nelson's first, second, third, and fifth claims for relief, and the coverage-related portion of her fourth claim for relief, are DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that Pearl's and the XL Defendants' motion to dismiss **[ECF No. 15] is GRANTED.** The remaining portions of her **NRS § 686A.310 claim are DISMISSED without prejudice as to Pearl and the XL Defendants only, with leave to amend** as outlined in this order.

IT IS FURTHER ORDERED that Nelson's motion for summary judgment **[ECF No. 12] is DENIED.**

DATED: September 21, 2017.

Jennifer A. Dorsey
United States District Judge

---

[68] *Shell*, 771 F.3d at 636.

[69] *Id*. (quoting *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990)).